No. 1158.

| 38 | 643 |
| 45 | 1118 |
| 38 | 643 |
| 113 | 264 |
| 38 | 643 |
| 116 | 609 |

GODSHAW & PLANT VS. THE JUDGES OF THE SECOND CIRCUIT COURT OF APPEALS.

In an action by a judgment creditor to have the purchase of property declared simulated and to be in reality for account of the debtor, the value of the property, and not the amount of the judgment, is the matter in dispute.   27 Ann 186.

APPLICATION for Certiorari and Mandamus.

*Millsaps & Sholars* for the Relators.

The opinion of the Court was delivered by

TODD, J.  The relators, as judgment creditors of Joshua Lemle for $600, brought suit to have declared simulated, null and void, a sheriff's sale of a stock of goods belonging to their debtor, and also a subsequent conveyance of said property by Winchester Hall, the adjudicatee at said sheriff's sale, to one Julius Lemle.  From an adverse decision of the district court in said case, they appealed to the Second Circuit Court of Appeals, holding sessions in city of Monroe, parish of Ouachita, and by this court the appeal was dismissed, the judges thereof holding that the court was without jurisdiction to entertain the appeal *ratione materiae.*

The plaintiffs in said suit then applied to this Court for a writ of certiorari, through which the record of proceedings in the case have been brought before us, and also for a writ of mandamus directed against the judges of said court to compel them to take jurisdiction of said appeal.

The judges of said court, in answer to the preliminary rule, state substantially that they have declined jurisdiction of the appeal because the real issue involved in the case is the title to property estimated to be worth thirty thousand dollars, this being the alleged value of the stock of goods in possession of Julius Lemle, one of the defendants in said case, the sale of which to him is sought to be declared a simulation.

The question presented is simply whether the jurisdiction is to be determined by the amount of the pecuniary demand or the value of the property, the title to which is assailed.  This has been the subject of several adjudications of late, and can scarcely be considered a matter for further discussion.  State ex rel. Bloss vs. Judges Court of Appeals, 33 Ann. 1351; John Chaffe & Sons vs. D. D. DeMoss and wife, 37 Ann. 186.  This last case cited is a parallel case with the present one.  There a judgment creditor of the husband, for less than $2000, sought to have declared the purchase of a plantation in the name of the wife a simulation and as really made for the husband.  It was held that the case was properly appealable to the Supreme Court, because the property was worth $6000.

But the relator urges that, inasmuch as he has prayed that the title to the property be declared null only so far as it affects his claim, this limitation or restriction in his demand invests the court with jurisdiction.

There is no force in this contention.  The sale was of one stock of

.goods. The title under this sale is attacked. The matter of title is clearly indivisible; it cannot be good as to a part and bad as to a part. It is charged that the pretended purchaser at such sale was not the real purchaser, but that he was a person interposed—interposed for his debtor, the real purchaser. The sale was a sale in block. How could a person be interposed for another as to an undefined part of said sale and not interposed—not acting for another but for himself, as to residue? Such an idea of course is an absurdity.

The court of appeals had no jurisdiction over this appeal, and it was properly dismissed by that court.

It is therefore ordered, adjudged and decreed that the alternative writ of mandamus be set aside, and the writ now discharged at the costs of plaintiff and relator.